United States District Court
Southern District of Texas
**ENTERED**
December 15, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRAD WAYNE KEATON, § | |
| TDCJ # 02345049, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-2052 |
| § | APPEAL No. 22-20542 |
| § | |
| MERRICK GARLAND, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brad Wayne Keaton is currently incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ). He filed this lawsuit bringing claims that the defendants violated his constitutional rights because they failed to protect him from assaults by other inmates in the Bureau of Prisons (BOP), where he previously was incarcerated. On September 28, 2022, the Court construed his claims as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and dismissed the claims under 28 U.S.C. § 1915(e)(2)(B) as time-barred and for failure to state a claim upon which relief can be granted (Dkt. 12). Keaton then filed a motion for reconsideration (Dkt. 13) and a notice of appeal (Dkt. 14). Having carefully considered the motion and all matters of record, the Court will **deny** Keaton's motion for the reasons explained below.

I. **LEGAL STANDARDS**

Although Keaton's motion seeks reconsideration under Federal Rule of Civil Procedure 60, it was filed on October 11, 2022, within 28 days of the judgment against him. The Court therefore considers his motion under Rule 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) ("If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60"). Keaton's notice of appeal, filed on October 13, 2022, becomes effective after this Court disposes of his motion for reconsideration. *See Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005).

Federal Rule of Civil Procedure 59(e) permits a litigant to file a motion to alter or amend a judgment. A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring manifest errors or newly discovered evidence to the court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479.

II. **DISCUSSION**

Keaton seeks reconsideration of the Court's order dismissing his claims against two federal defendants for failure to protect him from assaults by other inmates during his

2 / 6

incarceration in the BOP. The dismissal order held that, even assuming that Keaton could state a claim for relief under *Bivens* or the Federal Torts Claims Act, his claim is barred by Texas' two-year statute of limitations. As stated in the order, the limitations period "begins to run once the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020) (cleaned up). The Court held that Keaton's claims accrued before his release from the BOP in February 2017, even though his mental health symptoms continued after his release, because Keaton was aware while in the BOP of the basis of his injury (the assaults) and their cause (the failure of BOP officials to protect him from other inmates). *See* Dkt. 12, at 8-9.

In his current motion, Keaton argues that the Court erred when dismissing his action as time barred because it improperly limited its inquiry to the timing of his physical injuries and failed to consider his psychological injuries. He states that he was not aware of his psychological injuries or their cause until 2021, approximately four years after his release from the BOP, when a mental health provider in TDCJ diagnosed him with post-traumatic stress disorder (PTSD) stemming from assaults. He claims that "[t]his case is not about the physical injur[ies] the Plaintiff sustained while in BOP custody" but rather "is about the mental and [psychological] injur[ies] that manifested in the plaintiff once he was released and returned back to Texas to continue his life" (Dkt. 13, at 2-3) (citing *Flores v. City of Palacios*, 381 F.3d 391, 398 (5th Cir. 2004); *Dunn v. Denk*, 79 F.3d 401, 402 (5th Cir. 1996) (en banc)). He argues that the two-year limitations period should start to run in

2021, when he was correctly diagnosed with PTSD and a medical provider linked his mental health issues to events in the BOP (Dkt. 13, at 4-7; Dkt. 16, at 4-5, 10-11).

The Court carefully considered Keaton's arguments before dismissing the case, and the authority Keaton cites in his current motion does not change the result. Keaton's filings clearly state that he was aware while in the BOP of both the assaults and BOP officials' alleged failure to protect him. *See*, *e.g.*, Dkt. 16, at 2-3. In other words, all of the alleged wrongs by the defendants in this lawsuit were known to Keaton before 2017. Therefore, even if he were actually unaware until 2021 that his mental health symptoms stemmed from the events during his incarceration in the BOP, he had "notice of facts" that, with due diligence, would have led to actual knowledge of his injury and its cause. *See Turnage v. Britton*, 29 F.4th 232, 244 (5th Cir. 2022). Once Keaton had access to those facts, he could have sought professional advice about his claims. *See id.* (if plaintiffs "have access to facts that they do not understand themselves," the "due diligence" standard nevertheless "can require them to seek professional advice" about their potential claims") (cleaned up). A plaintiff need not realize that a cause of action exists, but instead "need know only the facts that would ultimately support a claim." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Keaton's request for reconsideration based on his actual awareness of his psychological injuries therefore will be denied.

Keaton also invokes the equitable tolling doctrine (Dkt. 16, at 13-15). Equitable tolling applies only in "rare and exceptional circumstances," usually when "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th

Cir. 2002) (cleaned up). Neither circumstance applies in this case. Moreover, the equitable tolling inquiry is focused on "what event, in fairness and logic, should have alerted the average lay person to act to protect his rights." *Doe v. United States*, 853 F.3d 792, 802 (5th Cir. 2017) (cleaned up), *as revised* (Apr. 12, 2017). As stated above, the assaults in the BOP, and the alleged failure of BOP officials to protect him, were sufficient to alert Keaton to act to protect his rights. He therefore does not carry his burden to show that equitable tolling applies to extend the statute of limitations in this case.

To the extent Keaton seeks transfer to a different venue, the Court in its discretion declines to transfer the case. Federal statute permits a court to transfer an action, in the interest of justice, to another court in which the case could have been brought. 28 U.S.C. 1404(a); *see* 28 U.S.C. § 1406(a). Here, Keaton's motion could be construed to request a transfer to a federal court in a state in which one of the assaults happened or where BOP officials allegedly failed to protect him (Dkt. 13, at 4-5). However, if Keaton were to bring his *Bivens* claim in another district based on the events during his incarceration in the BOP, the same federal law governing accrual of his claims would apply. *See Spotts v. United States*, 613 F.3d 559, 573-74 (5th Cir. 2010) (applying federal law to determine when *Bivens* claim accrued). Because his claim accrued more than five years before he filed this suit, a suit in another venue also would be time-barred for the reasons stated above and in the Court's order dated September 28, 2022.

Finally, to the extent the plaintiff seeks leave to amend his pleadings to name different defendants (Dkt. 16, at 20-21), his request for leave to amend will be denied. A request to amend pleadings in a motion under Rule 59(e) or Rule 60(b) is governed by the

same considerations controlling a motion for leave to amend under Rule 15(a), including futility of the amendment. *Rosenzweig v. Azurix*, 332 F.3d 854, 864 (5th Cir. 2003). Here, even if the Court were to grant Keaton's request to name specific officials in the BOP, his claims still would be time-barred for the reasons previously stated. His request to amend his pleadings therefore would be futile.

For the reasons stated above, Keaton does not demonstrate a manifest error in the Court's dismissal order or any other basis to alter or amend the judgment.

### III. CONCLUSION

The Court **ORDERS** as follows:

1. Keaton's motion reconsideration (Dkt. 13) is **DENIED.**

2. All other pending motions, if any, are denied as moot.

3. As requested in Keaton's letter docketed on October 25, 2022, the Clerk is **INSTRUCTED** to send Keaton (a) an application for leave to proceed *in forma pauperis* on appeal and (b) a current docket sheet for this action.

The Clerk will provide a copy of this order to the plaintiff.

SIGNED at Houston, Texas, on _____December 14_____, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE